KNOLL, Justice,
dissenting.
11With all due respect, I disagree with the majority. I find the majority opinion’s analysis is fatally flawed because there is no conflict between La. Const. Art. X, § 29(C) and La. Const. Art. Ill, § 2(B).
According to the general rule, articles of the constitution are to be construed and interpreted using the same canons of interpretation applicable to statutes and written instruments. State v. Expunged Record (No.) 249,044, 03-1940, p. 4 (La.7/2/04), 881 So.2d 104, 107; Barnett v. Develle, 289 So.2d 129, 146 (La.1974). Thus, under the well-established rules of statutory construction, any interpretation of constitutional provisions begins with the language of the constitution itself. Record, 03-1940 at p. 4, 881 So.2d at 107; Ocean Energy, Inc. v. Plaquemines Parish Government, 04-0066, pp. 6-7 (La.7/6/04), 880 So.2d 1, 7. When the provision is clear and unambiguous and its application does not lead to absurd consequences, its language must be given effect and its provisions must be construed so as to give effect to the purpose indicated by a fair interpretation of the language used. Cajun Elec. Power Co-op., Inc. v. Louisiana Pub. Serv. Com’n, 544 So.2d 362, 363 (La.1989) (on rehearing); Perschall v. State, 96-0322, p. 21-22 (La.7/1/97), 697 So.2d 240, 255. Where the language of a constitutional provision makes its aim evident and unequivocal, courts may not arrive at a construction that detracts from the | ¿effectiveness or distorts the manifest meaning and purpose of the related provisions by separately considering related constitutional provisions and likewise need not consider the historical basis for the provision. Perschall, 96-0322 at p. 22, 697 So.2d at 256; Barnett, 289 So.2d at 146. Moreover, where it is possible, courts have a duty to adopt a construction of the relevant provision which harmonizes and reconciles it with other provisions dealing with the same subject matter. See La. Civ.Code art. 13.
La. Const. Art. X, § 29(C) provides:
No proposal to effect any change in existing laws or constitutional provisions relating to any retirement system for public employees shall be introduced in the legislature unless notice of intention to introduce the proposal has been published, without cost to the state, in the official state journal on two separate days. The last day of publication shall be at least thirty days before introduction of the bill. The notice shall state the substance of the contemplated law or proposal, and the bill shall contain a recital that the notice has been given. La. Const. Art. Ill, § 2 provides, in
relevant part:
(B) Extraordinary Session. The legislature may be convened at other times by the governor and shall be convened by the presiding officers of both houses upon written petition of a majority of the elected members of each house. The form of the petition shall be provided by law. At least five days prior to convening the legislature in extraordinary session, the governor or the presid *140 ing officers, as the case may be, shall issue a proclamation stating the objects of the session, the date on which it shall convene, and the number of days for which it is convened. The power to legislate shall be limited, under penalty of nullity, to the object specifically enumerated in the proclamation. The session shall be limited to the number of days stated therein, which shall not exceed thirty calendar days.
According to the majority, the enactment of Act 165 places in conflict the five-day notice requirement for legislation introduced during extraordinary sessions under La. Const. Art. Ill, § 2(B) and the longer thirty-day notice required for legislation relating to the retirement systems for public employees under La. Const. Art. X, § 29(C). However, this premise as well as the conclusions based upon it, are flawed because by the plain language of the provisions no such conflict exists.
|;iThe language of La. Const. Art. X, § 29(C), as noted by the majority, is clear, unambiguous, and admits no exceptions to its requirement that no proposal to effect any change in existing law relating to any retirement system for public employees shall be introduced unless notice of intention to introduce the proposal has been published at least thirty days before introduction of the bill. Likewise, the wording of La. Const. Art. Ill, § 2(B) is clear, unambiguous, but admits no exemption to the publication requirements of La. Const. Ait. X, § 29(C), merely providing that the governor or presiding officers shall issue a proclamation stating the objects of the extraordinary session at least five days prior to convening the Legislature in extraordinary session. Clearly, nothing in La. Const. Art. Ill, § 2(B) impedes or prevents compliance with the thirty-day notice requirement of La. Const. Art. X, § 29(C) in extraordinary sessions as long as the objects of the session are proclaimed by the governor or presiding officers at least five days prior to convening the Legislature in extraordinary session. As the plaintiff so aptly explained in her brief, if the governor or a majority of elected members should determine that an extraordinary session is necessary, and if legislation regarding a public retirement plan was to be included on the agenda, the call for the session need only specify a commencement date not less than thirty-days hence, thus allowing for the notice and publication requirements of La. Const. Art. X, § 29(C).[1] Such a construction neither detracts from the effectiveness nor distorts the manifest meaning and purpose of the relevant constitutional provisions, but rather allows both provisions to stand and be given effect.
LBecause there is no conflict between the relevant constitutional provisions, the majority need not have engaged in an analysis to harmonize the two provisions, and thus, its reliance on State ex rel. Sewerage & Water Board of New Orleans v. Michel, 127 La. 685, 53 So. 926 (1910) and its progeny in this endeavor was unnecessary. Such reliance on this jurisprudence was also misplaced. As the majority readily admits, these cases were decided under prior constitutions and involved the predecessor to La. Const. Art. Ill, § 13, governing notice and publication of the intention to introduce a bill enacting a local or special law.
Simply put, the problem in the instant case is not that the enactment of Act 165 places constitutional provisions in conflict, but that the Legislature failed to comply *141 with the constitutional publication requirements in its effort to effect a change in existing laws relating to the Louisiana State Employees’ Retirement System. As there is no evidence introduced to establish that the Legislature complied with the notice, publication, and recital requirements provided for in La. Const. Art. X, § 29(C) in its enactment of Act 165 and the parties do not dispute that said requirements were not satisfied, I find the district court did not err in declaring said act unconstitutional, null, void, and unenforceable, and I would affirm its judgment.

. This case does not address the issue of whether the publication requirement conflicts with the waiver of notice contained in La. Const. Art. Ill, § 2(C) as the extraordinary session at issue was not an emergency session.